**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRISTINA BEATRIZ HENRIQUEZ-LEMUS; ASHLYN GISEL LOPEZ-HENRIQUEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-436

Agency Nos.
A209-429-186
A209-429-187

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023[**]
Pasadena, California

Before: M. SMITH and DESAI, Circuit Judges, and AMON, District Judge.[***]

Petitioner Christina Beatriz Henriquez-Lemus, on behalf of herself and her minor child Ashlyn Gisel Lopez-Henriquez, challenges the Board of Immigration Appeals' (BIA) dismissal of her appeal from the Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

Judge's (IJ) denial of her application for asylum, withholding of removal, and protection pursuant to the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Because the parties are familiar with the facts, we do not recount them here except as necessary to provide context. We review legal questions de novo and factual determinations for substantial evidence. *Ixcot v. Holder*, 646 F.3d 1202, 1206 (9th Cir. 2011). Because the BIA affirmed the decision of the IJ and incorporated portions of the IJ's decision, "we treat the incorporated parts of the IJ's decision as the BIA's." *Maie v. Garland*, 7 F.4th 841, 845 (9th Cir. 2021) (quotation omitted).

1. Petitioner has not established that her past mistreatment in El Salvador rises to the level of persecution.[1] Although she was threatened indirectly by gang members, she was never physically harmed or even confronted by the gang. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (stating that threats alone "constitute past persecution in only a small category of cases . . . when the threats are so menacing as to cause significant actual suffering or harm.") (quotation omitted); *Sharma v. Garland*, 9 F.4th 1052, 1061–63 (9th Cir. 2021) (noting that whether the alien was subject to physical violence is often a significant consideration in assessing persecution (citing *Nagoulko v. INS*, 333

---

[1] In reviewing the agency's determination that Petitioner's mistreatment did not rise to the level of persecution, we need not decide whether we review for substantial evidence or de novo, because the standard of review does not make a difference in this case. *See Fon v. Garland*, 34 F.4th 810, 813 n.1 (9th Cir. 2022).

F.3d 1012, 1016–17 (9th Cir. 2003)). Substantial evidence supports the BIA's finding that Petitioner has not otherwise established a well-founded fear of future persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (explaining that an applicant who can safely and reasonably relocate within her native country does not have a well-founded fear of future persecution). Accordingly, her asylum claim fails. *See* 8 U.S.C. § 1101(a)(42)(A).

2.     Because Petitioner failed to meet the lower burden of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

3.     Finally, substantial evidence supports the denial of CAT relief. Petitioner has not established that she will more likely than not be tortured by or with the consent or acquiescence of the government if removed to El Salvador. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**

3